UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SHANNON D. HOLLIE, | Case No. 15-CV-4603 (PJS/JSM) |
| Petitioner, | |
| v. | ORDER |
| SHELBY RICHARDSON, Interim CEO of Minnesota Sex Offender Program; and LORI SWANSON, Attorney General of the State of Minnesota, | |
| Respondents. | |

Petitioner Shannon D. Hollie was convicted by a Minnesota state court in 1993 of first-degree attempted murder and first-degree burglary. Ten years later, Hollie filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. His petition was dismissed with prejudice because it was barred by the statute of limitations. *See Hollie v. Pawlenty*, No. 03-CV-2905 (ADM/RLE) (D. Minn. Jan. 30, 2004).

In 2011, Hollie filed a second petition for a writ of habeas corpus. His petition was dismissed without prejudice because it was a second or successive petition and Hollie had not received authorization from the Eighth Circuit to file the petition under 28 U.S.C. § 2244(b)(3)(A). *See Hollie v. Jesson*, No. 11-CV-3147 (PJS/JJG) (D. Minn. Dec. 8, 2011). This Court explained at length to Hollie that, if he wanted to file another habeas

petition challenging his conviction or sentence, he would first have to seek and receive authorization from the Eighth Circuit.

Hollie has now filed a third petition for a writ of habeas corpus. In his third petition, as in his second petition, Hollie challenges the constitutionality of the term of supervised release imposed when he was sentenced in 1993. Hollie did not receive authorization from the Eighth Circuit to file this petition, and therefore, unsurprisingly, Magistrate Judge Janie S. Mayeron recommended that Hollie's petition be dismissed without prejudice under § 2244(b)(4). *See* Report and Recommendation ("R&R") (Mar. 16, 2016) [ECF No. 7].

Hollie objects to Judge Mayeron's recommendation, but nowhere in his lengthy objection[1] does he even *mention* the reason why Judge Mayeron recommended that his petition be dismissed. Hollie thus does not deny that his petition is a "second or successive" habeas corpus application for purposes of § 2244(b)(3)(A); he does not deny that, before filing his petition, he was required to obtain "an order authorizing the district court to consider [his] application" from the Eighth Circuit under § 2244(b)(3)(A); and he does not claim that he obtained such an order. Instead, he devotes virtually his entire objection to arguing the merits of his underlying claim.

---

[1] Hollie's 22-page objection appears to exceed by far the 3,500-word limit imposed by D. Minn. L.R. 72.2(c)(1). It is not clear, though, how many words are in Hollie's objection, because Hollie failed to file a certificate of compliance as required by D. Minn. L.R. 72.2(c)(3).

Because Hollie does not object to the R&R's conclusion that the Court lacks jurisdiction, and because the Court in fact lacks jurisdiction, the Court adopts the R&R and dismisses Hollie's petition without prejudice.

ORDER

Based on all of the files, records, and proceedings herein, the Court ADOPTS the R&R [ECF No. 7].  Accordingly, IT IS HEREBY ORDERED THAT:

1. The amended petition for a writ of habeas corpus filed by petitioner Shannon D. Hollie [ECF No. 6] is DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

2. Hollie's application to proceed in forma pauperis [ECF No. 2] is DENIED AS MOOT.

3. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  May 2, 2016         s/Patrick J. Schiltz
                            Patrick J. Schiltz
                            United States District Judge